■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL BOATWRIGHT, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: The judgment appealed from followed the second trial of an indictment which charged in three counts burglary, third degree, grand larceny first degree, and malicious mischief. Both the first trial and the second trial resulted in convictions of burglary, third degree, grand larceny, second degree and malicious mischief. The first conviction was reversed by this court because of prejudicial error in the admission of certain evidence against the defendant. The reprosecution of the defendant on the charge of grand larceny, first degree after he had obtained a new trial on appeal from a conviction of the lesser degree of grand larceny, second degree was impermissible and in accordance with the decision of the United States Court of Appeals, Second Circuit, *United States ex rel. Hetenyi* v. *Wilkins* (348 F. 2d 844, cert. den. 383 U. S. 913) and the Court of Appeals in this State in *People* v. *Ressler* (17 N Y 2d 174) we are required to reverse the judgment of conviction and order a new trial. Also the court made a specific finding on a preliminary hearing that the search of defendant's apartment that resulted in incriminating evidence being obtained was with the consent of a cotenant. Such finding was

made with disregard of the rule that while the burden is on the defendant to show the illegality of a search and seizure, where the officers have no search warrant and attempt to legitimize their search upon the basis of consent, the burden is upon the People to establish that there was a valid consent to the search. (*Judd* v. *United States,* 190 F. 2d 649.) (Appeal from judgment of Ontario County Court convicting defendant of burglary, third degree; grand larceny, second degree; and malicious mischief (misdemeanor). Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.